IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CALVIN FRAZIER,<br>AIS #177281,<br><br>Petitioner,<br><br>v.<br><br><br>JUDGE SIBLEY G. REYNOLDS, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:15-CV-381-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ("Frazier"), an indigent state inmate presently incarcerated at the J.O. Davis Correctional Facility, challenging the constitutionality of actions arising from a criminal case proceeding on an indictment issued on July 26, 2005 by the Chilton County Grand Jury for felony DUI, a charge to which Frazier subsequently entered a guilty plea. In this complaint, Frazier alleges that due to the reversal of this conviction as a felony by the Alabama Court of Criminal Appeals in March of 2013 and its remand of the case for re-sentencing as a misdemeanor offense Judge Sibley Reynolds violated his due process rights upon imposition of the initial sentence on February 16, 2007. *Compl. - Doc. No. 1* at 2-3; *Amendment to Compl. - Doc. No. 7* at 2. Frazier further complains that the Alabama Court of Criminal Appeals and the Alabama Supreme Court violated his constitutional rights in remanding the

case to the trial court for re-sentencing. *Compl. - Doc. No. 1* at 3. In an amendment to the complaint, Frazier reiterates his claims against Judge Reynolds and names District Attorney Randall V. Houston and Municipal Judge Robert Bowers, Jr., as defendants for their allowing the case to proceed as a felony offense. *Amendment to Compl. - Doc. No. 7* at 4. Frazier also names Glenn Baker, an officer of the Clanton Police Department and the City of Clanton, Alabama as defendants with respect to the constitutionality of his arrest for DUI on December 11, 2004. *Id*. at 4-5. Frazier requests that this court vacate his misdemeanor conviction, *Compl. Doc. No. 1* at 4, *Amendment to Compl. - Doc. No. 7* at 3, and seeks monetary damages from the defendants. *Id*. at 5.

## II. DISCUSSION

Upon initiation of this case, Frazier filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Consequently, an inmate in violation of the "three strikes"

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth

provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

The records of this court establish that Frazier, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Frazier v. Fuller*, Case No. 2:12-CV-155-TMH-WC (M.D. Ala. 2012); (2) *Frazier v. Fuller*, Case No. 2:11-CV-159-TMH-WC (M.D. Ala. 2011); and (3) *Frazier v. Fuller*, Case No. 2:11-CV-81-WHA-WC (M.D. Ala. 2011).

In a recent case filed with this court,

> . . . Frazier argues that because the court has ordered that he "mak[e] payments in the above [summarily dismissed] cases" from his inmate account pursuant to the directives of 28 U.S.C. 28 U.S.C. § 1915(b) as payments towards the filing fee in each such case, he is not required "to demonstrate serious physical injury[]" to proceed in any future federal civil action. *Doc. No. 4* at 2. Frazier further argues that since he is required to submit intermittent partial payments towards the filing fees in the previously dismissed cases, "this court should not use[] the[se] cases as justification for dismissing" the instant case as "[t]here is no violation of the 'three strikes' provision of 28 U.S.C. § 1915(g)." *Id*. Frazier cites *Heard v. Donald*, 310 F. App'x 348 (11th Cir. 2009), in support of this argument. However, upon review of the complaint and Frazier's status before this court, the court finds

---

Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

> that *Heard* provides no support for the arguments set forth by Frazier because this court has not placed Frazier in "plus barred" status.
>
> In *Heard*, the United States District Court for the Southern District of Georgia "had previously deemed Heard a 'serial filer'" and imposed a filing restriction upon him in addition to the three-strikes restriction contained in 28 U.S.C. § 1915(g). 310 F. App'x at 349. The district court therefore "found [Heard] to be '28 U.S.C. § 1915(g)-plus barred' from filing claims under § 1983. Under this rule, the clerk of the court was instructed to ***not accept any of Heard's filings until he fully paid his outstanding filing fees in that district***." 310 F. App'x at 349-50 (emphasis added). The Eleventh Circuit determined that the additional restriction imposed by the district court requiring full payment of filing fees for prior civil actions before accepting/filing any additional cases from Heard was inappropriate. *Id*. at 350. The Court, however, did not exempt Heard from the provisions of 28 U.S.C. § 1915(g).
>
> This court has ***not*** placed any additional restriction on Frazier with respect to his ability to file civil actions, i.e., Frazier is not required to pay the full filing fees in his previous civil actions prior to filing a civil action and this court routinely accepts/files cases submitted by Frazier. Frazier is therefore not "plus barred" as was Heard. Consequently, the holding in *Heard* is not applicable to this case. In addition, any civil action filed by Frazier remains appropriately subject to review under the "three strikes" restriction contained in 28 U.S.C. § 1915(g).

*Frazier v. Reynolds, et al*., Case No. 2:15-CV-325-MHT-WC (M.D. Ala. 2015), *Recommendation of the Magistrate Judge - Doc. No. 22* at 3-4.

In the amendment filed on June 24, 2015, Frazier presents allegations regarding his current conditions of confinement, conditions which are wholly unrelated to his claims for relief and for which the named defendants bear no responsibility, in an attempt to satisfy § 1915(g)'s "imminent danger" exception. Specifically, Frazier asserts that the J.O. Davis Correctional Facility is overcrowded, lacks an adequate number of correctional officers and houses a small percentage of inmates with Hepatitis C and AIDS. *Amendment to Compl. -*

*Doc. No. 8* at 6. Frazier therefore alleges that he "is under imminent danger of serious physical injury." *Id*. Despite Frazier's self-serving contention, the claims set forth in the amendment regarding his current conditions of confinement present nothing more than general allegations which merely contemplate potential harm that may at some time in the future befall Frazier. These conclusory and speculative allegations fail to demonstrate that Frazier was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege the existence of an "imminent danger of serious physical injury" at the time he files the complaint to evade application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Warren v. Ellis County, Texas*, 519 F. App'x 319, 320 (5th Cir. 2013) (assertions regarding general conditions of cell and mere possibility of future medical problems resulting from stress of conditions failed to show inmate faced imminent danger of serious physical injury so as to avert application of 28 U.S.C. § 1915(g)); *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)."); *Vandiver v. Prison Health Services, Inc.*, 727 F3d 580, 585 (6th Cir. 2013) (Prisoner's allegations regarding imminent danger must be "real and proximate" not speculative.); *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (The imminent danger exception requires that a prisoner allege a danger which is "ready to take place [or] hanging

threateningly over one's head."); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (General and/or conclusory allegations regarding conditions are not sufficient to establish the requisite imminent threat of serious physical harm.); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is "an escape hatch" available only "for genuine emergencies[,]" where "time is pressing." The exception applies "[w]hen a threat or prison condition [made the basis of the complaint] is real and proximate, and when the potential consequence is 'serious physical injury[.]'"); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (Inmate must make specific and credible allegations that the threat to him is real and proximate.). Under the circumstance of this case, the imminent danger exception does not apply and Frazier cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

Additionally, as for the claims presented in the complaint, Frazier challenges actions undertaken by state trial judges and the district attorney in a criminal case and the decisions of the state appellate courts in remanding the case for re-sentencing. He also challenges the constitutionality of his DUI arrest in December of 2004. These allegations utterly and completely fail to demonstrate that Frazier was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (inmate must show "imminent danger" at time of filing the complaint to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315

(3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred.").

The court further notes that the alleged conditions set forth by Frazier in an effort to satisfy the imminent danger exception are wholly unrelated to the claims on which he seeks relief in this cause of action, i.e., claims challenging the constitutionality of his DUI arrest and subsequent conviction for this offense. Some courts have determined that an adequate nexus must exist between the clams made the basis of the complaint and the alleged imminent danger. *Alston v. F.B.I.*, 747 F. Supp.2d 28, 31 (D.D.C. 2010) ("To qualify for [the imminent danger] exception, the prisoner must show that the action is connected to the imminent danger, *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)."). In *Pettus*, a case in which an inmate sought relief from individuals, including the trial judge and district attorneys, for actions undertaken during his criminal trial, the Court held that:

> . . . [T]he imminent danger exception is designed to provide a "***safety valve*** for the 'three strikes' rule." *Malik v. McGinnis*, 293 F.3d [559,] 563 (2d Cir. 2002) (emphasis added) (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Its unmistakable purpose is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger. Under the amicus's proposed reading of the statute, however, an indigent prisoner with a history of filing frivolous complaints could, by merely alleging an imminent danger, file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy. No reasonable reader would understand the self-evidently narrow "imminent danger" exception to sweep so broadly. Congress, after all, does not "hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468, 121 S. Ct. 903, 149 L. Ed. 2d 1 (2001).
>
> Instead, we adopt the view of the district court that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint. We thus confront the

question of what this nexus might be. *Cf. United States v. Santos*, 541 F.3d 63, 69 (2d Cir. 2008) (observing, with regard to a different statute, that a "direct and substantial nexus" test, in the absence of further elaboration, was "too vague to give courts ... sufficiently concrete guidance"). By analogy to our ordinary standing rules, we think that the statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint. . . .

Section 1915(g).s exception "can serve its role as an escape hatch for genuine emergencies only if understood reasonably." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002). Absent some nexus between a complaint's claims and its allegation that a plaintiff is under imminent danger of serious physical harm, the injury-in-fact that Congress so carefully excepted from the general requirement that a three-strikes litigant pay his filing fees could go unaddressed by the litigation - a result clearly contrary to the raison d'être of the exception itself. When, in contrast, a complaint seeks to redress an imminent danger that is fairly traceable to allegedly unlawful conduct complained of in the pleading, the three-strikes litigant has shown that he fits squarely within § 1915(g)'s "escape hatch" and that payment of a filing fee should be excused. *Cf. Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.").

In sum, we hold that the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the "imminent danger" exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is ***fairly traceable*** to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would ***redress*** that injury. The three-strikes litigant must meet both requirements in order to proceed IFP. This inquiry is not identical to our ordinary standing inquiry, but we believe it is sufficiently similar to afford guidance to courts considering the nexus question.

Given that both causation and redressability are [requisite] components of § 1915(g)'s nexus requirement, a three-strikes prisoner cannot proceed IFP against law enforcement personnel involved in his criminal trial to whom prison conditions are not fairly traceable or in circumstances in which it is speculative to assert that judicial relief will actually redress these allegedly unlawful conditions. . . .

554 F.3d at 297-99 (emphasis in original) (footnote omitted); *see Martin*, 319 F.3d 1050 (The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.").

Under the "adequate nexus" test, even assuming that the allegations regarding conditions rose to the level of imminent danger, Frazier would not be permitted to proceed *in forma pauperis* as his claims for relief arise from alleged wrongdoings surrounding his 2004 arrest for DUI and the subsequent conviction for this offense and these claims "are much too attenuated from the imminent danger of serious physical injury he alleges [with respect to his current conditions of confinement] to conclude that this danger may fairly be traced back to the asserted wrongs." *Pettus*, 554 F.3d at 299.

Based on the foregoing, the court concludes that Frazier's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Frazier failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (inmate subject to § 1915(g) must pay the filing fee at the time the action is commenced), *cert. denied*, 535 U.S. 976 (2002).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by James Calvin Frazier (Doc. No. 2) be DENIED.

2. This case be DISMISSED without prejudice for the plaintiff's failure to pay the full filing fee upon initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 15, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE